UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FLOYD ANTHONY THORNE, <br><br> Plaintiff, <br><br> -against- <br><br> LUIS DELGADO POLICE OFFICER; VALSAMAKIS METAXAS POLICE OFFICER; (JACKSON) SETO POLICE OFFICER; PRECINCT #19 MUNICIPAL BUILDING, <br><br> Defendants. | 25-CV-7335 (JAV) <br><br> ORDER DIRECTING UPDATED ADDRESS |

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff Floyd Anthony Thorne was incarcerated when he filed this complaint, but he has since been released on parole.[1] Plaintiff has not updated his address with the Court.

Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented. The paper must state the signer's address, email address, and telephone number." Fed. R. Civ. P. 11(a). Moreover, a standing order in this district provides that "[i]t is a party's obligation to provide an address for service . . . ." *In Re: Cases Filed By Pro Se Plaintiffs*, *This Matter Relates To: Duty of Self-Represented Parties to Keep Address Information Current*, No. 24-MC-127 (LTS) (S.D.N.Y. Mar. 18, 2024) ("Standing Order"); *see also Electronic Case Filing Rules*, Rule 8.2 ("Electronically filed documents must include a signature block and must set forth the name, address, telephone number and e-mail address all in compliance with the Federal Rules of Civil Procedure and Local Civil Rule 11.1.").

---

[1] The New York State Department of Corrections and Community Supervision Parolee Lookup shows that Plaintiff is under parole supervision in Utica, New York.

Plaintiff is directed, within 45 days of the date of this order, to sign and submit a Notice of Change of Address with a current address; if Plaintiff wishes to consent to accept electronic service of documents in this case, he may complete a consent form.[2] Copies of these forms are attached. If Plaintiff submits the Notice of Change of Address and a Consent to Electronic Service, the form(s) must be labeled with docket number 25-CV-7335 (JAV). If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, by failing to provide the court with an updated address and a means by which the court may notify Plaintiff of court orders, the action will be dismissed without prejudice.[3]

## CONCLUSION

Plaintiff is directed, within 45 days of the date of this order, to sign and submit a Notice of Change of Address with a current address. He may also consent to accept electronic service of documents in this case. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, by failing to provide the court with an updated address and a means by which the court may notify Plaintiff of court orders, the action will be dismissed without prejudice.

---

[2] If Plaintiff consents to accept electronic service, Plaintiff will no longer receive copies by postal mail.

[3] Any subsequent filing would have to comply with the applicable statute of limitations. *See M.W. Zack Metal Co. v. Int'l Navigation Corp. of Monrovia*, 675 F.2d 525, 528–29 (2d Cir. 1982) (holding that filing a complaint that is dismissed without prejudice does not toll the statute of limitations). Plaintiff's claims cover incidents spanning 2014 to 2022, and are subject to a three-year statute of limitations. It thus appears that most, if not all, would arguably be time-barred if refiled. *Stropkay v. Garden City Union Free Sch. Dist.*, 593 F. App'x 37, 41 (2d Cir. 2014) (finding New York's three-year statute of limitations for personal injury actions governed plaintiffs' claims under 42 U.S.C. § 1983).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

This order will be viewable on the public docket. The Clerk of Court is directed to provide Plaintiff with a copy of this order should he visit the court's Pro Se Intake Unit, which is located at 500 Pearl Street, 2nd Floor, New York, NY 10007.

The Clerk of Court is also directed to mail a copy of this order to Plaintiff at the following address: c/o Parole Officer D. Traglia, Utica Sub-Area Office, 207 Genesee Street, 5th Floor, Utica, New York, 13501.

SO ORDERED.

Dated:    June 10, 2026
        New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

3

IH-34                                                                                                    Rev:2014-1

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

(List the full name(s) of the plaintiff(s)/petitioner(s).)

\_\_\_\_\_CV_____ (\_\_\_\_\_)(\_\_\_\_\_)

-against-

NOTICE OF CHANGE OF
ADDRESS

_____

_____

(List the full name(s) of the defendant(s)/respondent(s).)


I hereby notify the Court that my address has changed  to the following:


_____

Name (Last, First, MI)


_____

Address                      City                          State        Zip Code


_____          _____

Telephone Number                      E-mail Address (if available)


_____          _____

Date                                  Signature