UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FLOYD ANTHONY THORNE,<br><br>Plaintiff,<br><br>-against-<br><br>LUIS DELGADO, POLICE OFFICER; VALSAMAKIS METAXAS, POLICE OFFICER; (JACKSON) SETO, POLICE OFFICER; PRECINCT #19 MUNICIPAL BUILDING,<br><br>Defendants. | 25-CV-7335 (JAV)<br><br>ORDER OF SERVICE |

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff Floyd Anthony Thorne was incarcerated when he filed this complaint but he has since been released on parole. He filed this complaint under 42 U.S.C. § 1983 against New York City Police Officers Luis Delgado, Valsamakis Metaxas, and Jackson Seto, and the 19th Precinct.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted).

## DISCUSSION

### A. The 19th Precinct and the City of New York

The Court must dismiss Plaintiff's claims against the 19th Precinct, which is part of the NYPD, an agency of the City of New York, because it is not a suable entity. Under Rule 17 of the Federal Rules of Civil Procedure, an entity's capacity to be sued is generally determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)). New York City's Charter states that agencies of the City of New York cannot be sued in the name of the agency, unless the law provides otherwise. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."). The New York City Charter does not authorize the NYPD to sue and be sued in the name of the agency. *See* N.Y. City Charter ch. 17, §§ 431-438 (establishing powers of the NYPD); *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the City."). Because the NYPD lacks the capacity to be sued in the name of the agency, the Court dismisses Plaintiff's claims against the 19th Precinct for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to add the City of New York as

a defendant. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

**B. Waiver of service**

The Clerk of Court is directed to electronically notify the New York City Police Department and the New York City Law Department of this order. The Court requests that Defendants the City of New York and 19th Precinct Police Officers Luis Delgado, Valsamakis Metaxas, and Jackson Seto waive service of summons. Defendants should not file an answer or other response pleading until the Court directs them to do so. If Plaintiff does not timely respond to the order to update his address, the Court will dismiss this matter without prejudice.

## CONCLUSION

The Court dismisses Plaintiff's claims against the 19th Precinct for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court directs the Clerk of Court to add the City of New York as a Defendant pursuant to Fed. R. Civ. P. 21.

The Clerk of Court is directed to electronically notify the New York City Police Department and the New York City Law Department of this order. The Court requests that the City of New York and 19th Precinct Police Officers Luis Delgado, Valsamakis Metaxas, and Jackson Seto waive service of summons. Defendants need not file an answer or other responsive pleading until directed to do so.

The Clerk of Court is further directed to mail a copy of this order and an information package to Plaintiff at the following address: c/o Parole Officer D. Traglia, Utica Sub-Area Office, 207 Genesee Street, 5th Floor, Utica, New York, 13501.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: August 25, 2026
New York, New York

Jeannette Vargas

JEANNETTE A. VARGAS
United States District Judge